THOMAS J. MALLON, ESQ.
Attorney-at-Law
86 Court Street
Freehold, NJ 07728
(732) 780-0230
Attorney for Plaintiff Sabrina Jarmolinski

---

| | |
|---|---|
| **SABRINA JARMOLINSKI** | UNITED STATES DISTRICT COURT |
| | DISTRICT COURT OF NEW JERSEY |
| | TRENTON |
| Plaintiff, | |
| | |
| vs. | Civil Action No.:   -    (  -  ) |
| | |
| **BOROUGH OF SEASIDE HEIGHTS**; | **COMPLAINT** |
| **JOHN ROTH;** | |
| **JUSTIN HEFFERNAN;** | |
| **THOMAS BOYD,** Chief of Police; | |
| **DETECTIVE STEPHEN KORMAN,** | |
| **SERGEANT JAMES HANS,** | |
| **SERGEANT RICHARD ROEMMELE,** | |
| **JOHN DOES 1-5,** Personnel of the | |
| Seaside Heights Police Department in | |
| supervisory capacities; | |
| | |
| Defendants. | |

---

## JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. Section 1983 and in accordance with the Fourth and Fourteenth Amendments of the Constitution of the United States of America. Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section 1343(3). This Court has supplemental jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. Section 1367.

**PARTIES**

2. Plaintiff Sabrina Jarmolinski, residing at 165 Ford Road, Howell, NJ, 07731, is and was, at all times herein, a citizen of the United States and a resident of the State of New Jersey.

3. Defendants Justin Heffernan and John Roth were at all times mentioned herein duly appointed and acting police officers of the Seaside Heights Police Department and at all times herein were acting in such a capacity as the agents, servants and/or employees of the Borough of Seaside Heights and were acting under the color of law.

4. Defendants Chief of Police Thomas Boyd; Stephen Korman; James Hans; Richard Roemmele, and/or John Does 1-5 were at all times mentioned herein duly appointed and acting members of the Seaside Heights Police Department and at all times herein were acting in such capacities as the agents, servants and/or employees of the Borough of Seaside Heights and were acting under the color of law.

5. Defendants Chief of Police Thomas Boyd; Stephen Korman; James Hans; Richard Roemmele, and/or John Does 1-5 were acting in supervisory capacities over Defendants Heffernan and Roth, and responsible by law for the training, supervision and conduct of Defendants Heffernan and Roth.

6. Defendant Borough of Seaside Heights is a duly designated municipality of the state of New Jersey, under the laws of the state of New Jersey.

7. At all times relevant hereto, Defendant Borough of Seaside Heights employed the aforementioned Defendants. As such, it was responsible for the training, supervision and conduct of Defendants Boyd; Korman; Hans; Roemmele; Heffernan; Roth, and/or John Does 1-5.

8. Suit is brought against all individually named Defendants in their personal and official capacities.

## FACTUAL ALLEGATIONS

1. On August 14, 2011, Plaintiff Sabrina Jarmolinski and four of her friends were sitting on a bench on the Seaside Heights boardwalk.

2. Plaintiff and her friends were approached by Defendant Heffernan, who aggressively got out of his car and exclaimed, "You guys have to f***ing leave."

3. Defendant Heffernan continued to verbally abuse the girls, cursing and threatening "You can be f***ing arrested."

4. Plaintiff responded nobody was doing anything wrong, that she was a Criminal Justice major in college, that she knew her rights, and wanted to know why the Defendant continued to curse at them.

5. Defendant Heffernan continued his verbal tirade, yelling "F***ing leave. F***ing leave."

6. Plaintiff began to walk away when she was grabbed by Defendant Heffernan and thrown to the ground, assaulted without justification and with excessive force.

7. Specifically, Plaintiff was grabbed by her neck and thrown down. While on the ground, Defendant Heffernan put a knee against Plaintiff's back.

8. Plaintiff, on the ground and now in handcuffs, was sprayed with OC spray by Defendant Heffernan.

9. Following the spray and with her face on the ground, Defendant Heffernan whispered into Plaintiff's right ear "How does that feel, Criminal Justice major?"

10. Defendant John Roth was present for this entire incident and failed to intervene.

11. Plaintiff was arrested by Defendant Heffernan, brought to Seaside Heights Police Headquarters, charged with Disorderly Conduct and Resisting Arrest, processed and released.

12. The criminal charge against Plaintiff have been resolved.

## SECTION 1983 EXCESSIVE FORCE
## COUNT ONE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of Plaintiff by Defendants Heffernan committed under color of state law, Plaintiff sustained bodily harm and was deprived of her right to be secure in her person against unreasonable seizure of her person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

3. As a direct and proximate cause of the malicious and outrageous conduct of the Defendant as set forth above, Plaintiff suffered bodily injuries, medical expenses, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE,** Plaintiff Sabrina Jarmolinski demands judgment against Defendant Heffernan, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## SECTION 1983 FAILURE TO INTERVENE
## COUNT TWO

1. The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendant Roth was a Seaside Heights Police Officer and at all times mentioned herein was acting under color of state law.

3. Defendant Roth had a duty to intervene in the unjustified assault of Plaintiff by Defendant Heffernan.

4. The unjustified assault of Plaintiff  by Heffernan deprived Plaintiff of her right to be

secure in her person against unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and made actionable through 42 U.S.C. Section 1983.

    5. Defendant Roth had a reasonable opportunity to intervene in the unjustified assault of Plaintiff by Defendant Heffernan and failed to intervene.

    6. As a direct and proximate cause of Defendant Roth's failure to intervene, Plaintiff suffered physical injury, medical expenses, and will suffer additional special damages in the future in an amount which cannot yet be determined.

    **WHEREFORE**, Plaintiff Sabrina Jarmolinski demands judgment against Defendant Roth on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### SECTION 1983 UNLAWFUL CUSTOM, PRACTICE, POLICY/ INADEQUATE TRAINING
### COUNT THREE

    1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

    2. Defendants Borough of Seaside Heights Police Department; Boyd; Korman; Hans; Roemmele, and/or John Does 1-5, are vested by state law with the authority to make policy on : (1) the use of force; internal affairs investigations and/or administrative reviews pursuant to Seaside Heights Police Department policies, practices and/or customs and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines; (2) effectuating arrests; (3) police citizen encounters, and/or (4) disciplining officers. Defendants Boyd; Korman; Hans; Roemmele, and/or John Does 1-5 are responsible for training Police Officers in the use of force and/or were officers in charge when Plaintiff Sabrina Jarmolinski was assaulted.

3. Specifically, Defendant Thomas Boyd is the Chief of Police. Defendant Stephen Korman is the Seaside Heights police department Internal Affairs investigator. Defendant James Hans is the Seaside Heights police department Use of Force instructor.  Defendant Richard Roemmele was a supervisor and/or the officer in charge at the time of Plaintiff's arrest.

4. At all times mentioned herein, Defendants Boyd; Korman; Hans; Roemmele, and/or John Does 1- 5, as police officers, agents, servants and/or employees of Defendant Borough of Seaside Heights, were acting under the direction and control of Defendants Borough of Seaside Heights Police Department; Boyd; Korman; Hans; Roemmele, and/or John Does 1-5, and were acting pursuant to the official policy, practice or custom of the Borough of Seaside Heights Police Department.

5. Acting under color of law pursuant to official policy, practice, or custom, Defendants Borough of Seaside Heights; Boyd; Korman; Hans; Roemmele, and/or John Does 1-5 intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and discipline on a continuing basis, Defendant Heffernan and Roth in their duties to refrain from: (1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2) intentionally, recklessly and/or negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding and/or mishandling evidence;  (5) making false arrests, and/or (6) using unreasonable and excessive force.

6. Acting under color of law pursuant to official policy, practice, or custom, Defendants Borough of Seaside Heights, Boyd; Korman; Roemelle, and/or John Does1-5 intentionally, knowingly, recklessly and/or with deliberate indifference implemented and/or conducted superficial and shallow Internal Affairs processes which ignored evidence and patterns of police misconduct on individual and departmental levels. Defendants Borough of Seaside Heights, Boyd; Korman,

and/or John Does 1-5 failed to professionally, objectively and/or expeditiously investigate instances and patterns of police misconduct in violation of the spirit and substance of the New Jersey Attorney General's Guidelines for Internal Affairs Policy and Procedures.

7. Defendants Boyd; Korman; Hans; Roemmele; and/or John Does 1-5 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of Seaside Heights Police Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

8. Defendants Borough of Seaside Heights; Thomas Boyd; Stephen Korman; James Hans; Richard Roemmele, and/or John Does 1-5 were aware of numerous similar police citizen encounters involving, and/or Internal Affairs complaints filed against Defendants Heffernan, Roth and/or other Seaside Heights Police Officers whereby they customarily and frequently subjected citizens held in custody to physical and mental abuse; unlawfully and maliciously assaulted, arrested and harassed citizens; intentionally, recklessly and/or negligently misrepresented the facts of arrests and/or other police-citizen encounters; falsified police and/or other official records; made false arrests, mishandled and/or withheld evidence and/or used unreasonable and excessive force on citizens/arrestees.

9. Despite their awareness, Defendants Borough of Seaside Heights; Boyd; Korman; Hans; Roemmele, and/or John Does 1-5 failed to employ any type of corrective or disciplinary measures against Defendants Heffernan, Roth and/or other Seaside Heights Police Officers.

10. Defendants Borough of Seaside Heights; Boyd; Korman; Hans; Roemmele, and/or John Does 1-5 had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline Defendants Heffernan and Roth on a continuing basis, should have

had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

11. Defendants Borough of Seaside Heights; Boyd; Korman; Hans; Roemmele, and/or John Does 1-5 had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

12. Defendants Borough of Seaside Heights; Boyd; Korman; Hans; Roemmele, and/or John Does 1-5, directly or indirectly, under color of state law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Heffernan and Roth heretofore described.

13. As a direct and proximate result of the acts of Defendants Borough of Seaside Heights; Boyd; Korman; Hans; Roemmele, and/or John Does 1-5 as set forth herein, Plaintiff suffered physical injury, medical expenses, and will suffer additional special damages in the future in an amount which cannot yet be determined in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Sabrina Jarmolinski demands judgment against Defendants Borough of Seaside Heights; Thomas Boyd; Stephen Korman; James Hans; Richard Roemmele, and/or John Does 1-5, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### SECTION 1983 DEMAND FOR PROSPECTIVE INJUNCTIVE RELIEF
### COUNT FOUR

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Pursuant to 42 USC Section 1983, given that there exists no adequate remedy at law, Plaintiff is entitled to prospective injunctive relief against the Defendants.

3. The relief sought by Plaintiff includes, but is not limited to, the following:

a. An order permanently restraining and enjoining Defendants Borough of Seaside Heights; Thomas Boyd; Stephen Korman; James Hans; Richard Roemmele; John Roth; Justin Heffernan and John Does 1-5 from engaging in, encouraging, teaching, promoting or training Seaside Heights Police Officers in falsely arresting, maliciously prosecuting, maliciously abusing process, and/or using excessive force against citizens and/or arrestees.

b. An order compelling Defendant Borough of Seaside Heights to take prompt, appropriate and corrective measures to prevent any practices that encourage, teach, engage in, promote or train its officers in falsely arresting, maliciously prosecuting, maliciously abusing process and/or using excessive force against citizens and/or arrestees.

c. An order compelling Defendant Borough of Seaside Heights to provide regular and consistent training sessions to Seaside Heights Police Officers.

d. An order compelling Defendant Borough of Seaside Heights to implement a system whereby prompt, appropriate action is taken against any Seaside Heights Police Officer who engages in, teaches and/or condones falsely arresting, maliciously prosecuting, maliciously abusing process and/or using excessive force against citizens and/or arrestees.

e. An order permanently restraining and enjoining Defendants Heffernan and Roth from arresting citizens without adequate probable cause, physically abusing and using excessive force against citizens and/or arrestees.

f. An order permanently restraining and enjoining Defendant Borough of Seaside Heights from employing Defendants Heffernan and Roth as police officers or law enforcement personnel in any capacity except for clerical duty, solely and entirely confining them to Police headquarters and limiting them entirely to desk duty; enjoining Defendants Heffernan and Roth from any patrol duty, and enjoining Defendants Heffernan and Roth from making arrests, assisting in making arrests and using any force in

making arrests and/or assisting in making arrests.

g. Any other relief as the Court deems proper and just.

**WHEREFORE**, Plaintiff Sabrina Jarmolinski demands judgment against Defendants Borough of Seaside Heights; Thomas Boyd; Stephen Korman; James Hans, Richard Roemmele; John Roth, Justin Heffernan and/or John Does 1- 5 on this Count, together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## SUPPLEMENTAL STATE CLAIMS

## VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT (NJCRA)
## COUNT FIVE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The excessive force used and failure to intervene by Defendants Hefferenan and Roth, set forth at length above, deprived Plaintiff of her substantive due process right to be free from unlawful seizure of her person and her fundamental right to liberty secured by the Constitution of the United States and the Constitution of the State of New Jersey, in violation of N.J.S.A. 10:6-1, *et seq*. ("The New Jersey Civil Rights Act")

3. Plaintiff invokes the supplemental jurisdiction of this Court to hear and determine this claim.

4. As a direct and proximate result of the aforesaid acts of Defendants Heffernan and Roth, Plaintiff suffered physical injury, medical expenses, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Sabrina Jarmolinski demands judgment against Defendants

Heffernan and Roth, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### ASSAULT AND BATTERY
### COUNT SIX

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Heffernan and Roth committed an assault and battery on Plaintiff by physically injuring her without justification and/or by putting her in reasonable apprehension of serious and imminent bodily harm.

3. The assault and battery committed by Defendants was contrary to the laws of the State of New Jersey, and Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

4. As a result of the intentional, reckless, negligent and/or objectively unreasonable assault and battery, as specifically alleged above, Plaintiff sustained diverse substantial and permanent physical and emotional injuries; medical expenses; pain and suffering, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Sabrina Jarmolinski demands judgment against Defendants Heffernan and Roth, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### COUNT SEVEN

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The actions of Defendants Heffernan and Roth in their use of excessive force upon

Plaintiff; their assault and battery of Plaintiff, and their failure to intervene was intentional, extreme and outrageous.

3. As a result of said conduct, Plaintiff sustained severe emotional distress that no person should be expected to endure.

4. As a result of said conduct, as specifically alleged above, Plaintiff sustained diverse substantial and permanent emotional injuries, medical expenses, and will suffer additional special damages in the future in an amount which cannot yet be determined.

5. The acts of the Defendants were in violation of the law of the State of New Jersey, and Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

**WHEREFORE**, Plaintiff Sabrina Jarmolinski demands judgment against Defendants Heffernan and Roth, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## NEGLIGENCE
## COUNT EIGHT

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Heffernan and Roth had a duty to the Plaintiff to not expose her to an unreasonable risk of injury.

3. Through the acts and omissions set forth at length above, Defendants Heffernan and Roth breached that duty.

4. The acts of the Defendants were in violation of the common law of the State of New Jersey, and Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

5. As a direct and proximate result of their breach of duty to plaintiff, Plaintiff was caused to suffer significant and permanent physical and emotional injury; medical expenses; pain and suffering, and will continue to incur same in the future for some time to come along with additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Sabrina Jarmolinski demands judgment against Defendants Heffernan and Roth on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

### DESIGNATION OF TRIAL COUNSEL

Please be advised that Thomas J. Mallon, Esquire is hereby designated trial counsel in the above captioned matter.

Dated: September 4, 2012                           /s/ Thomas J. Mallon, Esquire
                                                                    **THOMAS J. MALLON, ESQUIRE**